**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Sidney Davis III, individually and on )
behalf of all others similarly situated, )
)
    Plaintiff, )
)
    v. )  No.
)
Charles T. Hutchins, )
)
    Defendant. )  <u>Jury Demanded</u>

**01C 5236**

JUDGE LINDBERG

MAGISTRATE JUDGE KEYS

**CLASS ACTION COMPLAINT**

    Plaintiff, Sidney Davis III, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages by reason of Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

    1.    The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

    2.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

    3.    Plaintiff, Sidney Davis III, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant attempted to collect a consumer debt allegedly owed to Burlington Coat Factory.

4.      Defendant, Charles T. Hutchins is a New Jersey attorney who acts

as a debt collector as defined by § 1692a of the FDCPA, because he regularly

uses the mails to collect, or attempt to collect, consumer debts in the Northern

District of Illinois.

## FACTUAL ALLEGATIONS

5.      Defendant sent Plaintiff a form collection letter, dated August 11,

2000. The letter demanded payment of $216.73, for a debt allegedly owed to

Burlington Coat Factory. This letter was sent within one year of this complaint

and is attached as Exhibit A.

6.      The letter states:

* * *

### CHARLES T. HUTCHINS
ATTORNEY AT LAW
GOLDMAN & COMPANY
HARMON COVE TOWER ONE SUITE AL-13
SECAUCUS, NEW JERSEY  07094
* * *

I have been retained by the above-referenced client to assess the
possibility of taking legal action against you.  This matter involves
the issuance of fraudulent checks.  Issuance of fraudulent checks is
a violation of criminal state statute.  The law provides my client with
certain legal remedies to enforce their claim.  They may file a
criminal complaint with local authorities seeking criminal charges
against you.  If you are prosecuted and convicted, you may have a
permanent criminal record.  If my client decides to sue civilly, you
may receive a summons at home or work that may require a court
appearance.  Losing the lawsuit may allow the court to order
garnishments of your wages, attachment of bank accounts and
seizure of property.

This matter was previously placed with a collection agency that
made numerous unsuccessful efforts at a resolution.  This is a
serious matter involving possible violation of state law and will be
your last opportunity for amicable resolution.  THE CHOICE IS
YOURS.  You can avoid the possibility of the aforementioned

2

criminal and/or civil action only by paying the total amount due
within 10 days.

Please be guided accordingly.

Sincerely,

PAUL ANDERSON
201-392-0500 Ext. 200

\* \* \*

7.    The statements in Defendant's form collection letter are to be
interpreted under the "unsophisticated consumer" standard. (See, Bartlett v.
Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519
(7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

### COUNT I
### Violation of §§ 1692e(3) of the FDCPA -
### False Representation of Attorney Involvement

8.    Plaintiff adopts and realleges the allegations contained in ¶¶ 1-7.

9.    Section 1692e of the FDCPA prohibits a debt collector from using
any false, deceptive, or misleading representation or means in connection with
the collection of any debt. More specifically, § 1692e(3) of the FDCPA prohibits,
the false representation or implication that any individual is an attorney or any
communication is from an attorney.

10.    An attorney sending dunning letters must be directly and personally
involved in the mailing of such letters (See, Avila, 84 F.3d 222, 228.)
Defendant's letter (Exhibit A) is a mass-produced dunning letter. Attorney
Charles T. Hutchins was not personally involved in the mailing of the letter sent
to Plaintiff, and did not even sign the letter. The signature line displays only the
name of Paul Anderson, a non-attorney debt collector. This collection letter

3

creates the false and misleading impression that this communication was from an attorney, in violation of § 1692e(3) of the FDCPA. (See, Avila, 84 F.3d 222, 229.)

11.    Defendant's violation of § 1692e(3) of the FDCPA renders him liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

## COUNT II
### Violation of §§ 1692e(5) of the FDCPA -
### False Threat to Sue and Misleading Statement of
### Legal Consequences of Lawsuit

13.    Plaintiff adopts and realleges the allegations contained in ¶¶ 1-7.

14.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  More specifically, § 1692e(5) of the FDCPA specifically prohibits debt collectors from making the threat to take any action that cannot legally be taken or that is not intended to be taken.  Given the small amount allegedly owed ($216.73) and the fact that Defendant Hutchins is a New Jersey attorney, it is highly unlikely that Defendant Hutchins will file any lawsuit in Illinois on behalf his client regarding this alleged debt.  Consequently, the threat to file a civil lawsuit is false, deceptive and misleading, in violation of § 1692e(5) of the FDCPA.

15.    Moreover, the collection letter specifically states: "Losing the lawsuit may allow the court to order garnishments of your wages, attachment of bank accounts and seizure of property."  This statement does not accurately describe the action that can legally be taken because only non-exempt property may be seized and only a percentage of wages may be garnished.

4

Consequently, the threat that Plaintiff's wages may be garnished, bank accounts attached or property seized, is false, deceptive and misleading, in violation of § 1692e(5) of the FDCPA.

16.     Defendant's violations of §§ 1692e(3) and (5) of the FDCPA render him liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**COUNT III**
**Violation of § 1692g of the FDCPA**
**Failure to Provide Statutorily-Required Validation Notice**

17.     Plaintiff adopts and realleges the allegations contained in ¶¶ 1-7.

18.     Section 1692g of the FDCPA requires that, within five days of the debt collector's first communication to a consumer, the debt collector provide the consumer with an effective validation notice, i.e., notice that the consumer has thirty days to challenge the validity of the debt, or any portion of the debt, and seek verification of it. The August 11, 2000, collection letter (Exhibit A) was Defendant Hutchins's first letter to Plaintiff. The letter does not contain any validation notice as specifically required by § 1692g of the FDCPA and no notice was subsequently conveyed to Plaintiff, in violation of § 1692g of the FDCPA.

19.     Moreover, even if Defendant had provided the statutorily-required validation notice, other language contained in the letter would have contradicted and overshadowed any validation notice. Specifically, the statement, "You can avoid the possibility of the aforementioned criminal and/or civil action only by paying the total amount due within 10 days" would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day

5

validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt. Defendant's form collection letters thus violate § 1692g of the FDCPA. (See, Bartlett, 128 F.3d at 501; Chauncey, 118 F.3d at 519; Avila, 84 F.3d at 226).

20.     Defendant's violation of § 1692g of the FDCPA renders him liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**COUNT IV**
**Violation of § 1692e(11) of the FDCPA -**
**Failure to Provide "Mini-Miranda" Notice"**

21.     Plaintiff adopts and realleges the allegations contained in ¶¶ 1-7.

22.     Section 1692e(11) of the FDCPA specifically requires that the debt collector notify the consumer, "[t]hat the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose...." The August 11, 2000, collection letter from Defendant Hutchins does not contain the required statement, in violation of § 1692e(11) of the FDCPA.

23.     Defendant's violation of § 1692e(11) of the FDCPA renders him liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**CLASS ALLEGATIONS**

24.     Plaintiff, Sidney Davis III, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a debt allegedly owed to Burlington Coat Factory, from one year before the date of this complaint. This action seeks a declaration that the form of Defendant's debt collection letter violates the FDCPA,

6

and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

25.    Defendant regularly engages in debt collection using the same form letter received by Plaintiff Davis in his attempts to collect from other persons.

26.    The Class consists of more than 30 persons from whom Defendant attempted to collect consumer debts by sending other consumers the same form letter he sent Plaintiff Davis.

27.    Davis's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

29.    Sidney Davis III will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not

7

extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Davis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Sidney Davis III prays that this Court:

1. Certify this action as a class action;

2. Appoint Sidney Davis III as Class Representative of the Class, and his attorneys as Class Counsel;

3. Declare that the form of Defendant's debt collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Davis and the Class, and against Defendant, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff Davis demands trial by jury.

Sidney Davis III, individually, and
all others similarly situated

One of Plaintiff's Attorneys

8

Dated:  July 6, 2001

David J. Philipps
Mary E. Philipps
Gomolinski & Philipps, Ltd.
8855 South Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900
(708) 974-2907 (FAX)

# CHARLES T. HUTCHINS

### ATTORNEY AT LAW
### GOLDMAN & COMPANY
### HARMON COVE TOWER ONE SUITE AL-13
### SECAUCUS, NEW JERSEY 07094

DATE: 08/11/00
CASE NO. 009437258
AMOUNT DUE:  $216.73

RE:  BURLINGTON COAT FACTORY SC

TOTAL DUE:  $216.73

Dear SIDNEY DAVIS III,

I have been retained by the above-referenced client to assess the possibility
of taking legal action against you.  This matter involves the issuance of
fraudulent checks.  Issuance of fraudulent checks is a violation of criminal
state statute.  The law provides my client with certain legal remedies to
enforce their claim.  They may file a criminal complaint with local
authorities seeking criminal charges against you.  If you are prosecuted and
convicted, you may have a permanent criminal record.  If my client decides to
sue civilly, you may receive a summons at home or work that may require a
court appearance.  Losing the lawsuit may allow the court to order
garnishments of your wages, attachment of bank accounts and seizure of
property.

This matter was previously placed with a collection agency that made numerous
unsuccessful efforts at a resolution.  This is a serious matter involving
possible violation of state law and will be your last opportunity for amicable
resolution.  THE CHOICE IS YOURS.  You can avoid the possibility of the
aforementioned criminal and/or civil action only by paying the total amount
due within 10 days.

Please be guided accordingly.

Sincerely,

PAUL ANDERSON
201-392-0500 Ext. 200

---

*** PLEASE DETACH BELOW AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT ***            11E9449108/12/00GOLD102

DATE: 08/11/00
CASE NO. 009437258
AMOUNT DUE:  $216.73

HARMON COVE TOWER 1 - SUITE AL13
SECAUCUS, NJ  07094
RETURN SERVICE REQUESTED

GOLDMAN & COMPANY
HARMON COVE TOWER 1 - SUITE AL13
SECAUCUS, NJ  07094

009437258
026    05217
SIDNEY DAVIS III
2435 W BERWYN APT 1A
CHICAGO IL 60625-2331



EXHIBIT

A

JS 44
(Rev. 07/89)

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Sidney Davis III, individually and on behalf of all others similarly situated,

## DEFENDANTS

Charles M. Hutchins,

01C 5236

JUDGE LINDBERG

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cook__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gomolinski & Philipps, Ltd.
8855 South Roberts Road
Hickory Hills, Illinois 60457
(708) 974-2900

ATTORNEYS (IF KNOWN) MAGISTRATE JUDGE KEYS

FILED
JUL 9 2001

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED
CLERK DISTRICT COURT
JUL 4 19 PM 4:19

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act; 15 U.S.C. Section 1692 et seq.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
☐ 7 Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23

DEMAND $
Declaratory relief, statutory damages, costs, attorneys' fees

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS
General Rule 2.21D(2)

In response to ☒ is not a refiling of a previously dismissed action
this case ☐ is a refiling of case number _____ of Judge _____

DATE 7/6/01

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of Sidney Davis, III, individually and on behalf of all others similarly situated, v. Charles T. Hutchins.

**01C 5236** Case Number JUDGE LINDBERG

MAGISTRATE JUDGE KEYS

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Sidney Davis, III, individually and on behalf of all others similarly situated.

DOCKETED JUL 9 2001

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME David J. Philipps | NAME Mary E. Philipps |
| FIRM Gomolinski & Philipps, Ltd. | FIRM Gomolinski & Philipps, Ltd. |
| STREET ADDRESS 8855 S. Roberts Road | STREET ADDRESS 8855 S. Roberts Road |
| CITY/STATE/ZIP Hickory Hills, Illinois 60457 | CITY/STATE/ZIP Hickory Hills, Illinois 60457 |
| TELEPHONE NUMBER 708-974-2900 | TELEPHONE NUMBER 708-974-2900 |
| IDENTIFICATION NUMBER Ill. Bar No. 06196285 | IDENTIFICATION NUMBER Ill. Bar No. 06197113 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

# INSTRUCTIONS FOR COMPLETING APPEARANCE FORM

1. General Information

General Rule 3.15 provides that once an attorney has filed an appearance form on behalf of a party, no additional appearances or substitutions may be made without leave of court. The Rule also provides that the attorney may not withdraw without leave of court. Therefore, if more than one attorney is going to represent the party or parties shown on the front of this form, each should complete the attorney appearance section of the form.

This form is designed to permit the filing of appearances by up to four attorneys who represent the same party or parties. If more than four attorneys representing the same party or parties wish to file appearances, additional forms should be used and the letters (A), (B), (C), and (D) indicating the attorneys should be altered to (E), (F), (G), (H), respectively for the fifth through the eighth attorneys, etc.

2. Listing of Parties for Whom the Attorney is Appearing

The names of each of the parties represented by the attorney(s) filing the appearance are to be listed on the lines immediately below the words "Appearances are hereby filed by the undersigned as attorney(s) for:". The type of party, *e.g.*, plaintiff, defendant, third party plaintiff, should follow each party. If all of the parties are of the same type, *e.g.*, all parties represented are plaintiffs, then the type of party can be shown at the end of the listing of parties.

3. Completing Attorney Information

The information requested should be completed for each attorney filing an appearance. Where two or more attorneys are from the same firm, only the first listed from the firm need complete the information for firm name, street address, and city/state/ZIP. The others may indicate "Same as (letter designation of first attorney)."

4. Identification Number

Attorneys who are members of the Illinois bar should enter the identification number issued to them by the Illinois Attorney Registration and Disciplinary Commission (ARDC). Attorneys who are not members of the Illinois bar should leave this item blank.

5. Attorney (A) and Notices

Where more than one attorney is listed on the appearance form, all listed will be entered on the docket of the Clerk, as attorneys of record. However, notices will only be mailed to the attorney shown in box (A) on the form except where local counsel has been designated pursuant to General Rule 3.13 (see below). The attorney is responsible for notifying all other attorneys included on the form of the matter noticed.

Where appearances are filed on behalf of attorneys representing a state or local government, *e.g.*, states attorney, corporation counsel, the persons filing the appearance may wish to list the name of the assistant who is in active charge of the case in box (A) and the appearance of the head of the agency, *e.g.*, attorney general, corporation counsel, or any other assistant assigned to such cases in subsequent boxes. In that way, the assistant in active charge will receive notice.

6. Appearances and Trial Bar Membership

All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.

In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to General Rule 3.10, a member of the trial bar must accompany such attorney and must also file an appearance.

In civil actions, an attorney who is not a member of the trial bar should designate the trial bar attorney who will try the case in the event that it goes to trial. If a trial bar attorney is not listed on the initial appearance and the case goes to trial, a trial bar attorney, pursuant to General Rule 3.15, must obtain leave of court to file an appearance.

7. Designation of Local Counsel

Pursuant to General Rule 3.13, an attorney who does not have an office in this District may appear before this Court "only upon having designated, at the time of filing his/her initial notice or pleading, a member of the bar of this Court having an office within this District upon whom service of papers may be made." No attorney having an office in this District may designate local counsel. No attorney may designate more than one attorney as local counsel. Notices will be mailed by the Clerk's Office to both the attorney shown in box (A) and the attorney designated as local counsel.

8. Parties are Required to Consider Alternative Dispute Resolution

Pursuant to 28 U.S.C. §652(a), all litigants in civil cases pending before this Court are directed to consider the use of an alternative dispute resolution process at the earliest appropriate stage of the litigation. Such process may include mediation, early neutral evaluation, minitrial, or arbitration.

9. General Rule 2.23 Requires Notification As To Affiliates

In every action in which an affiliate of a public company is a party, counsel for such party shall file with the Clerk a statement listing each public company of which such party is an affiliate. Where such party is a plaintiff the statement shall be filed with the complaint. Where such party is a defendant the statement shall be filed with the answer or motion in lieu of answer.